**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Alfred Rodgers,** | ) | **CASE NO. 1:09 CV 2165** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **City of Cleveland, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' Motion for Summary Judgment (Doc. 17). This is an employment discrimination case. For the reasons that follow, the motion is GRANTED.

### FACTS

Plaintiff, Alfred Rodgers, filed this lawsuit against defendants, City of Cleveland ("City"), Mayor Frank G. Jackson, and Ronald O'Leary.[1]

---

[1] It appears that the complaint improperly identifies Ronald O'Leary as "Ronald Leery."

1

Plaintiff worked for the City as a residential building and housing inspector from August 14, 1989, until his discharge on September 16, 2008.  Plaintiff was responsible for the inspection of residential structures.  His duties included proposing housing code violations, filing complaints through the Department of Housing Code Enforcement, obtaining search warrants, and assisting in the prosecution of housing code violations and condemnation proceedings.

Plaintiff received discipline on three separate occasions within a nine month period.  It appears that plaintiff was disciplined for neglect of duty and inefficiency in the performance of his duties.[2]  On January 18, 2008, plaintiff received a three day suspension after he was discovered circulating union petitions on City property during his workday.  Thereafter, on April 21, 2008, plaintiff received a seven day suspension for neglect of duty.  Specifically, the City suspended plaintiff for failing to perform tasks assigned by his supervisor.  Plaintiff further handed in time sheets suggesting that plaintiff had spent his time entering data on the computer.  Computer records, however, did not support plaintiff's assertions.  In addition, plaintiff inspected only half of the properties assigned to him.  It appears that plaintiff's performance did not improve. On September 16, 2008, plaintiff was discharged from employment. The City reviewed each of the case files assigned to plaintiff and discovered extensive problems with plaintiff's performance.  Plaintiff appealed the last two disciplinary actions.  Neither grievance was sustained by the City.  Although covered by a collective bargaining agreement, the Union did not demand arbitration with respect to plaintiff's termination.

---

[2] In the affidavit attached to defendants' motion for summary judgment, Ron O'Leary testifies generally that plaintiff was disciplined for neglect of duty and inefficiency.  The affidavit, in turn, refers the Court to several reports detailing the reasons supporting the decision to discipline plaintiff.

Thereafter, on October 22, 2008, plaintiff filed a charge of discrimination with the EEOC. On March 12, 2009, the EEOC issued a dismissal and notice of right to sue.  Although unclear, it appears that plaintiff filed a second charge with the EEOC.  That charge appears to have been investigated by the Ohio Civil Rights Commission.  On May 26, 2009, the EEOC issued a second right to sue letter, indicating that it "adopted the findings of the state or local fair employment practices agency that investigated [the] charge."  On August 31, 2009, plaintiff filed this lawsuit, which contains six claims for relief.  Count one is a claim for violation of 42 U.S.C. § 2000e-16 for national origin discrimination.  Count two is a claim for violation of the Age Discrimination in Employment Act.  Counts three is a claim for "wrongful termination."  Count four appears to be a claim for intentional infliction of emotional distress asserted against defendant Mayor Jackson.  Count five appears to be a claim for intentional infliction of emotional distress asserted against defendant Ronald O'Leary.  Count six is a claim for breach of the employee handbook and collective bargaining agreement.

Defendants move for summary judgment and plaintiff does not oppose the motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file,

3

> together with the affidavits, if any," which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial. If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317). In the event that a party does not respond to a Motion for Summary Judgment, Federal Rule of Civil Procedure 56(e) provides that summary judgment shall nonetheless be entered "if appropriate."

**ANALYSIS**

1. Title VII

Defendants argue that count one is barred by the statute of limitations set forth in 42 U.S.C. § 2000e-5(f)(1). "To pursue Title VII claims in federal court, a plaintiff must file a

complaint within 90 days of receiving a right-to-sue letter from the EEOC." *Hollimon v. Shelby County Government*, 325 Fed.Appx. 406, 409 (6th Cir. April 28, 2009). *See also, Baldwin Cty. Welcome Back Center v. Brown*, 466 U.S. 147, 149 (1984).  In this case, plaintiff filed two charges with the EEOC.  The EEOC issued the second right-to-sue letter on May 26, 2009, and plaintiff did not filed this lawsuit until August 31, 2009.  Thus, 96 days elapsed between the issuance of the right-to-sue letter and the filing of the complaint.  As such, plaintiff's claim is time barred.

Even if plaintiff timely filed the claim, defendants are entitled to summary judgment on the merits of the claim.  Defendants point to a wealth of evidence establishing that plaintiff failed to perform his job in a satisfactory manner.  Defendants point out that the record is devoid of any indication that race played a factor in the decision to terminate plaintiff.  Defendants also argue that no other employee was treated differently.  Plaintiff fails to offer any evidence or argument in response.  Accordingly, defendants are entitled to summary judgment.

2.  ADEA

Defendants argue that plaintiff fails to establish that he filed a charge with the EEOC regarding any alleged age-based discrimination.  According to defendants, the charge attached to the complaint relates to his race claim.  Plaintiff offers no response.  Although it is unclear from the face of the charge whether plaintiff raised an age discrimination charge with the EEOC, it is undisputed that plaintiff failed to comply with the 90 day filing requirement.  Thus, like plaintiff's Title VII claim, plaintiff's ADEA claim is also time-barred.  Accordingly, summary judgment in favor of defendants is warranted.

3.  "Wrongful termination"

In their motion for summary judgment, defendants assert that plaintiff's claim for wrongful termination fails because plaintiff is subject to the terms of a collective bargaining agreement. Defendants are correct. *See, Klepsky v. United Parcel Service, Inc.*, 489 F.3d 264, 270-71 (6th Cir. 2007)(holding that claims for wrongful termination in violation of public policy are unavailable for employees covered by a collective bargaining agreement). Accordingly, defendants are entitled to summary judgment on count three.

4. Intentional infliction of emotional distress ("IIED")

In count four plaintiff asserts a claim for IIED against defendant Mayor Jackson. In count five, plaintiff asserts the same claim against defendant O'Leary. These defendants argue that they are entitled to summary judgment because plaintiff cannot point to any extreme or outrageous conduct on the part of the defendants. Defendants point out that plaintiff alleges in his complaint that "discriminatory practices" are the grounds for the IIED claims. Plaintiff, however, testified only that defendant Mayor Jackson's "failure to respond to plaintiff" is the source of this complaint. He further testified that O'Leary singled him out. The remainder of plaintiff's testimony on the subject is largely incomprehensible. Defendants argue that nothing identified by plaintiff constitutes extreme or outrageous conduct. Plaintiff offers no response. Upon review, the Court agrees with defendants that plaintiff fails to point to any conduct that could support a claim for IIED. Accordingly, defendants are entitled to summary judgment on counts four and five.

5. Breach of the handbook and collective bargaining agreement ("Agreement")

Defendants argue that count six fails because plaintiff fails to point to any provision of either the handbook or the Agreement breached by defendants. Again, plaintiff offers no

response. It appears that plaintiff testified that he believed that O'Leary lacked the authority to discipline plaintiff. This is the basis for his claim. O'Leary, however, offers his own affidavit in which he avers that, as Assistant Director in the Department of Building and Housing, his responsibilities include disciplining departmental employees. Absent any argument from plaintiff, the Court finds that summary judgment in favor of defendant is warranted.

### **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/27/10